**ARIZONA PUBLIC SERVICE COM-
PANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION,
Respondent,**

**The People of the State of Califor-
nia et al., Intervenors.**

**No. 72–1636.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 25, 1973.

Decided Jan. 2, 1974.

John T. Miller, Jr., Washington, D. C., for petitioner.

William M. Sawyer, Atty., F. P. C., with whom Leo E. Forquer, Gen. Counsel, George W. McHenry, Jr., Acting Sol. F. P. C., were on the brief for respondent.

Lawrence Q. Garcia, San Francisco, Cal., with whom J. Calvin Simpson, San Francisco, Cal., was on the brief for intervenors People of the State of Cal. and the Public Utilities Commission of the State of Cal. Sheldon Rosenthal, San Francisco, Cal., also entered an appearance for intervenors State of Cal. and the Public Utilities Commission of the State of Cal.

Frederick T. Searls, Malcolm H. Furbush and Daniel E. Gibson, San Francisco, Cal., were on the brief for intervenor Pacific Gas and Electric Co.

C. Hayden Ames and Donald J. Richardson, Jr., San Francisco, Cal., were on the brief for intervenor San Diego Gas and Electric Co.

Thomas F. Brosnan, Washington, D. C., entered an appearance for intervenor Tucson Gas and Electric Co.

Before WILBUR K. MILLER, Senior Circuit Judge, and TAMM and ROBB, Circuit Judges.

PER CURIAM:

By our opinion of July 30, 1973, 483 F.2d 1275, we found "no fault with either the conclusions of the Commission or the process applied to juxtapose them," but remanded this case to the Commission "to conduct whatever further proceedings it deems necessary either for the preparation and circulation of an impact statement or for preparation of a statement of reasons as to why an impact statement is unnecessary." Pursuant to this remand the Commission has issued, as of October 26, 1973, and filed with this court, its Opinion 615–B entitled: "Opinion and Order in Compliance with Court Remand."

Exercising the option afforded it by the court, the Commission's Opinion 615–B sets out its reasons why it feels an impact statement to be unnecessary. Petitioner challenges the adequacy and the legal sufficiency of the Commission's action on remand.

Opinion 615–B sets forth in some detail the factual considerations which prompt its conclusion that the denial of petitioner's proposal "does not have a 'significant effect on the quality of the human environment' ".[1] Included in these data are a series of tables and calculations relating to the sulphur dioxide emissions in the Phoenix-Tucson area over a seven-year period on a comparative basis as between the burning of oil or natural gas. Several of the tables were prepared by the Environmental Protection Agency. A table computes the percentage total of these emissions as compared to the total emissions in the study area. Other tables set forth urban frequency distribution of sulphur dioxide on an annual basis and the applicable air quality standards in the Phoenix area. In addition, the Commission considered the testimony of qualified witnesses.[2] Measuring and evaluating the complete record and considering "both the State and Federal standards as ceilings for pollution levels," the Commission accepted testimony that its action would "raise the level of concentration to a mere 40% of the Federal standard." It concluded that the "[d]enial of El Paso's application does not significantly affect the quality of the human environment and, therefore, no detailed environmental impact statement is required."

Noting that the record encapsulated heretofore was not made in the present case, the petitioner challenges the Commission's reliance on "extra record data." Petitioner argues to this court that since subsections 7(c) and (e) of the Natural Gas Act[3] require a hearing and record in these cases, it was deprived of "opportunity for cross-examination and presentation of rebuttal evidence" although "fundamental fairness required it." (Petitioner's Brief, pages 3–6.)

The factual situation is that all of the evidence considered by the Commission in this case was actually developed not in this case (Docket No. CP71–234), but in a case entitled El Paso Natural Gas Co. (Docket No. RP72–6). This latter docket related to hearings conducted by the Commission to consider, among other things, "the environmental impact of burning an almost identical amount of oil, as a substitute for natural gas, in the Phoenix-Tucson area."[4] *Petitioner was a party to the RP72–6 proceedings,* offered evidence and had full opportunity to participate in the hearings. Under these circumstances—embracing identity of parties, identity of issues and full opportunity for participation—we do not believe that the use of extra record data either deprives petitioner of any legally-recognized right, or constitutes a deprivation of fundamental fairness. The cases cit-

---

1. Slip op. at 6; *cf.* 42 U.S.C. § 4332(2)(C) (1970).

2. *E. g.,* Joseph J. Weinstein; Edwin M. Roberts.

3. 15 U.S.C. § 717f(c), (e) (1970).

4. Commission Opinion 615–B at 8 n. 5.

ed and discussed on this point are readily distinguishable from the present factual situation and our research has not disclosed reported cases which may be cited as authority for petitioner's contention.

Petitioner also charges that the Commission "ignored relevant portions of the Docket RP72–6 record and misconstrued other parts." Petitioner's Brief at 9–21. Our review of the record does not convince us that there was any element of arbitrariness or capriciousness in the treatment of the evidence.

■ The court finds that the Commission, by Opinion 615–B, has adequately established by competent evidence that an environmental impact statement is not legally required in this case. The court further finds that the Commission's action did not deprive petitioner of any procedural or "fairness" right, nor were its conclusions bottomed upon arbitrary or capricious considerations or treatment of the evidence.